PD-0241-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/6/2015 2:56:09 PM
Accepted 3/6/2015 4:56:13 PM
ABEL ACOSTA
CLERK

**Cause No. PD-0241-15**

In the Court of Criminal
Appeals of Texas

FILED IN
COURT OF CRIMINAL APPEALS

March 10, 2015

ABEL ACOSTA, CLERK

**Antonio Leija, Jr.**,
Appellant

v.

**State of Texas**,
Appellee

On Review from Cause No. 02-13-00473-CR
in the Second Court of Appeals
Fort Worth, Texas

**State's Motion for Leave to File a Petition for Discretionary Review
from a 4-3 Denial of a Motion to Recuse
the Hon. Justice Dauphinot**

To the Honorable Justices of this Court:

The State of Texas requests leave[1] of this Court to file its petition for

discretionary review of the 4-3 denial of its motion to recuse Justice

---

[1] On February 27, 2015, the day after the recusal decision was released, the State requested that the Second Court stay its issuance of those three opinions so that the State could appeal the denial as set out by T.R.A.P. 16.3(c). When on Wednesday, March 4, 2015, the Second Court had still not acted on the State's motions to stay, the State felt the urgency to file the petition on Wednesday before the Second Court

Dauphinot.  Since this is such an unusual procedural situation, the State seeks leave for the filing of its petition for discretionary review for the following reasons.

**Compelling reasons support leave for direct review.**

First, T.R.A.P. 16.3(c), the section on recusal of an appellate justice, expressly states the "denial of a recusal motion is reviewable."  While T.R.C.P. 18(j)(A) (dealing with recusal of *trial* judges) permits appeal only after the final judgment, T.R.A.P. 16.3(c) places no such restriction. The Code of Criminal Procedure also contains no such limiting provision.

Second, "review" means "to re-examine judicially…a reconsideration."[2]  Thus, "is reviewable" means that the denial of the order itself is subject to being "re-examined judicially…a reconsideration."

Third, T.R.A.P. 68.2 states that a petition for discretionary review "must be filed within 30 days after…the day the court of appeals' judgment was rendered."  In this instance, the judgment of the court of appeals that the State is appealing is the en banc seven-member 4-3 denial of the State's motion to recuse.  If the State waits until the three-judge panels for these cases release opinions (and if that release is later than 30-days from

released opinions on Thursday, March 5, as is its custom. Thus, the State filed its petition for discretionary review on Wednesday, March 4, 2015. The State has since realized that it failed to accompany its petition for discretionary review with a motion for leave; thus, the State has filed this motion.

[2]      BLACK'S LAW DICTIONARY 1320 (6th ed. 1990).

February 26, 2015, the date the judgment of the court was released on the State's recusal motion), then the State would procedurally default its ability to appeal the en banc denial of the motion to recuse.

Fourth, as review is still subject to the discretion of this Court and motions to recuse appellate justices are exceedingly rare,[3] the procedure set-out in T.R.A.P.16.3(c) poses no potential for a floodgate of these appeals.

Fifth, requiring review to wait until after the issuance of the three-judge opinion could serve as a sword of Damocles hanging over the head of the challenged justice. An Appellant might fear that a justice's vote to affirm on the merits was connected with a desire to moot the recusal issue, especially after a highly-divided 4-3 vote. Review directly following the recusal denial alleviates this appearance to the parties and the awkward position for the justice.

Sixth, T.R.A.P. 16.3(c) states the denial "is reviewable." However, if the Court required the State to wait until issuance of opinions and if the State prevailed in the opinion, then that would defeat review. As the State's grounds for recusal are not case-specific but are based upon an antagonism demonstrated toward the Wichita County District Attorney in

---

[3] After an exhaustive search, the State could locate no case law on 16.3(c) and an appeal of an order denying a motion to recuse an appellate justice.

general, the State would then have to continue filing motions to recuse on panels that Justice Dauphinot was appointed until it finally lost on the merits of the case at the Second Court to effectuate review of the denial of recusal. Thus, judicial economy supports review and a resolution to this important issue.

Wherefore, the State of Texas prays this Court grant leave for the filing of the petition for discretionary review of the en banc 4-3 decision denying the State's motion to recuse.

Respectfully submitted,

/s/Maureen Shelton
**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas
State Bar No. 00786852
Maureen.Shelton@co.wichita.tx.us

/s/John Gillespie
**John Gillespie**
First Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24010053
John.Gillespie@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 766-8177 fax

/s/John Brasher

**John Brasher**
Special Prosecutor
State Bar No. 02907800
brasherappeals@gmail.com
900 8th Street
Wichita Falls, Texas 76301
(940) 244-0244 phone
(940) 244-0245 fax

Attorneys for Appellee
State of Texas

## Certificate of Compliance

I certify that this document contains 667 words. The body text is in 14 point font, and the footnote text is in 12 point font.

/s/John Gillespie

**John Gillespie**

## Certificate of Service

I do certify that on March 6, 2015, a true and correct copy of the above document has been served electronically to Michael F. Payne (attorney for Antonio Leija, Jr.) at michaelfpayne@gmail.com and the State Prosecuting Attorney's Office at information@spa.texas.gov.

/s/John Gillespie

**John Gillespie**

**Certificate of Conference**

      I do certify that on March 6, 2015, I attempted to confer with Michael F. Payne via phone, but he was not available.

/s/John Gillespie
**John Gillespie**